**\*NOT FOR PUBLICATION\***

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| _____ | : | |
| | : | |
| PROGRESSIVE FREIGHT, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 16-9366 (FLW) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| FRAMAUR ASSOCIATES, LLC; TEE | : | |
| WAY LOGISTICS, LLC; and TEE WAY | : | |
| TRANSPORTATION, LLC, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**WOLFSON, United States District Judge:**

In this contract dispute, Defendants Tee Way Logistics, LLC ("Tee Way Logistics") and

Tee Way Transportation, LLC ("Tee Way Transportation") (collectively, "Tee Way") move to

dismiss Plaintiff Progressive Freight, Inc.'s ("Plaintiff" or "Progressive") Complaint, pursuant to

Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. The Complaint alleges that

Tee Way Logistics, Tee Way Transportation, and Framaur Associates, LLC ("Framaur")

(collectively, "Defendants") breached a contract to pay Plaintiff for providing transportation

services for the delivery of alcoholic beverages. For the reasons that follow, Tee Way's Motion

to Dismiss is denied.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On a motion to dismiss, the Court reviews the complaint by taking its allegations as true.

Plaintiff is a Georgia corporation that operates as a transportation services broker. Compl. ¶¶ 1,

6. Framaur and Tee Way Logistics are New Jersey limited liability companies that are also in

the transportation brokerage industry. *See id.* at ¶¶ 2-3, 6. Tee Way Transportation is a New

Jersey based limited liability company that operates a trucking business. *See id.* at ¶¶ 4, 6. The Complaint alleges that Framaur operates and conducts business through Tee Way Logistics and Tee Way Transportation. *Id.* at ¶ 9. In that regard, Plaintiff alleges that Framaur, Tee Way Logistics, and Tee Way Transportation each operate from the same principal place of business in New Jersey, and are controlled by members of the D'Agostino family. *See id.* at ¶¶ 2-4.

According to the Complaint, non-party MillerCoors LLC contracted with Defendants to provide transportation brokerage services for the delivery of MillerCoors' beer and other alcoholic beverages (the "Goods"). Compl. ¶¶ 6, 10. The Complaint alleges that between April 2016 and October 2016, Defendants entered into several written contracts (collectively, the "Contracts") with Plaintiff, under which Plaintiff agreed to broker the actual transportation of the Goods. *See id.* at ¶¶ 11, 17. Specifically, the Complaint alleges that the Contracts were memorialized through bills of lading and invoices issued by each of the Defendants, and stated that Defendants would, collectively or separately, compensate Plaintiff for transportation services rendered, including freight and brokerage charges. *Id.* at ¶¶ 17-18. Importantly, as alleged, Plaintiff contracted with each of the Defendants in this regard.

The Complaint alleges that Plaintiff retained various inline carriers to deliver the Goods to their final destinations, and fully compensated those carriers upon delivery. *Id.* at ¶¶ 11-13. Additionally, the Complaint alleges that MillerCoors fully compensated Defendants for delivery of the Goods. *Id*. at ¶ 16. However, according to the Complaint, despite the fact Plaintiff performed all of its obligations under the Contracts, Defendants failed to pay Plaintiff $261,195.00 allegedly due and owing under the terms of the agreements. *Id.* at ¶¶ 23-27.

On December 19, 2016, Plaintiff filed its Complaint, asserting three causes of action against Defendants. Count One asserts a claim for breach of contract, alleging that Defendants

breached the Contracts by failing to compensate Plaintiff for freight and brokerage charges upon completion of Plaintiff's obligations under the Contracts. *See id.* at ¶¶ 21-27. Count Two asserts a related claim for account stated under New Jersey law. *See id.* at ¶¶ 28-32. Finally, Count Three asserts a claim for unjust enrichment. *See id.* at ¶¶ 33-40. On February 3, 2017, Defendants Tee Way Logistics and Tee Way Transportation filed the instant Motion to Dismiss, which has been fully briefed. *See* ECF Nos. 12, 14, 20.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted). As such, a motion to dismiss for failure to state a claim upon which relief can be granted does not attack the merits of the action, but merely tests the legal sufficiency of the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); *see also* FED. R. CIV. P. 8(a)(2) ("A pleading that states a claim for relief . . . must contain a short and plain statement of the claim showing the pleader is entitled to relief"). In other words, to survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

However, "the tenet that a court must accept as true all the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff must show that there is "more than a sheer possibility that the defendant has

acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In other words, for the plaintiff to prevail, the "complaint must do more than allege the plaintiff's entitlement to relief; it must "'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Phillips*, 515 F.3d at 234–35).

The Third Circuit has cautioned, however, that *Twombly* and *Iqbal* "do not provide a panacea for defendants"; rather, "they merely require that plaintiff raise a 'plausible claim for relief.'" *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679). Thus, factual allegations must be more than speculative, but the pleading standard "is not akin to a 'probability requirement.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

### III. DISCUSSION

Tee Way argues that Plaintiff's claims for breach of contract and account stated should be dismissed, because neither Tee Way entity was a party to the contract between Plaintiff and Framaur, and Tee Way Logistics, Tee Way Transportation, and Framaur are separate corporate entities. Additionally, Tee Way maintains that Plaintiff's unjust enrichment claim should be dismissed, because the Tee Way entities did not derive any benefit from the services Plaintiff performed. In opposition, Plaintiff argues that Tee Way impermissibly seeks to rely on a certification in arguing that Framaur and Tee Way are separate legal entities, and that Plaintiff has presented sufficient facts in support of its claims for breach of contract, account stated, and unjust enrichment to survive dismissal and proceed to discovery. The Court agrees.

At the outset, the Court notes that Tee Way's argument that Tee Way Logistics, Tee Way Transportation, and Framaur are distinct corporate entities is not based on Plaintiff's pleadings, but rather, on the certification of Thomas D'Agostino, Jr., attached to Tee Way's Motion to Dismiss.  *See* D'Agostino, Jr. Cert., ECF No. 12-3.  As a general rule, however, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *see W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97 n. 6 (3d Cir. 2010).  A limited exception to that rule exists "for documents that are '*integral to or explicitly relied* upon in the complaint.'" *Id.* (citation omitted).  "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated '[w]here plaintiff has actual notice . . .  and has relied upon these documents in framing the complaint.'" *In re Burlington Coat Factory Sec. Litig*., 114 F.3d at 1426 (quoting *Watterson v. Page*, 987 F.2d 1, 3–4 (1st Cir. 1993)).  Here, the certification offered by Tee Way does not fall within that exception, because it was not relied upon by Plaintiff in forming the Complaint; to the contrary, the D'Agostino, Jr. certification is dated more than a month after the filing date of the Complaint. *See Campbell v. John*, No. 12-2750, 2016 WL 2347038, at *3 (D.N.J. May 4, 2016) ("[B]ecause a post-complaint certification is not the sort of document conceived of in the case law, this Court cannot consider Dr. Woodward's certification in deciding the instant motion to dismiss.").  Moreover, the D'Agostino, Jr. certification does not become "integral" to the Complaint merely because it addresses the corporate distinctions between Framaur, Tee Way Logistics, and Tee Way Transportation. *See Jackson v. Alpharma Inc.*, No. 07-3250, 2008 WL 508664, at *3 (D.N.J. Feb. 21, 2008) ("The Donohue Certification does not become 'integral to . . . the Complaint' merely because it addresses a central factual issue in the Complaint."); *see also*

*Morgan v. Martinez*, No. 14-02468 2015 WL 2233214, at *2 n. 5 (D.N.J. May 12, 2015)

(Disregarding the defendant's reliance on a certification in motion to dismiss, because the

"certification [was] not integral to, or relied upon, in Plaintiff's Amended Complaint.").

Accordingly, the Court will not look to the certification's contents in considering Tee Way's

Motion to Dismiss.[1]

Without the certification – and thus, without Tee Way's contention that Tee Way

Logistics and Tee Way Transportation are separate corporate entities from Framaur – the Court

is left with only with Tee Way's arguments that: (1) Plaintiff cannot state a claim for breach of

contract against Tee Way, because neither Tee Way entity was a party to the Contracts; and (2)

Plaintiff cannot state a claim for unjust enrichment against Tee Way, because Tee Way did not

receive a benefit on behalf of Framaur.

First, Plaintiff's allegations regarding its claims for breach of contract and account stated

are sufficient to survive dismissal. To state a claim for breach of contract under New Jersey law,

---

[1] Moreover, the Court will not convert the Motion to Dismiss into a motion for summary judgment at this juncture. "Under Rule 12(d) of the Federal Rules of Civil Procedure, a district court properly converts a motion to dismiss into a motion for summary judgment if (1) the materials submitted go outside of the pleadings and are not excluded by the court and (2) the parties had adequate notice of the district court's intention to convert." *Brown v. U.S. Steel Corp.*, 462 F. App'x 152, 155 (3d Cir. 2011). Where "a motion to dismiss is treated as a motion for summary judgment, then the 'parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.'" *Id.* (quoting FED. R. CIV. P. 12(d)). A "'reasonable opportunity to present all materials' includes the opportunity to engage in discovery to obtain the pertinent information." *Id.* Here, Tee Way did not contemplate converting its Motion to Dismiss to a motion for summary judgment in its moving papers, and therefore, Tee Way has not placed Plaintiff on "adequate notice." By failing to raise the issue of conversion in its briefing, Tee Way "deprived Plaintiff of the opportunity to file a Rule 56(d) affidavit explaining why discovery is necessary to address the assertions" that Mr. D'Agostino, Jr. makes in his certification. *Campbell v. John*, No. 12-2750, 2016 WL 2347038, at *3 (D.N.J. May 4, 2016). Given the lack of discovery in this case, and Tee Way's failure to place Plaintiff on adequate notice, the Court will not convert the Motion to Dismiss into a motion for summary judgment, and accordingly, the certification will be disregarded.

a plaintiff must "allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). A claim for account stated is similar to a claim for breach of contract, and requires a plaintiff to prove that there is an "exact and definite balance" for goods delivered or services rendered that can be proven by a statement of account. *See Manley Toys, Ltd. v. Toys R Us, Inc.*, No. 12-3072, 2013 WL 244737, at *5 (D.N.J. Jan. 22, 2013). Here, Tee Way's challenge to Plaintiff's claims for breach of contract and account stated is confined to the argument that neither Tee Way entity was a party to the Contracts; *i.e.,* Tee Way only argues that Plaintiff has failed to demonstrate the existence of a contract with the Tee Way entities. However, taking as true the Complaint's allegations that "Plaintiff and Defendants entered into several written contracts," *see* Compl. ¶ 17, and that the Contracts were memorialized through the issuance of invoices and bills of lading using the names of the Tee Way entities, *see id.* at ¶¶ 17-19, Plaintiff has sufficiently pled the existence of an agreement with Tee Way.[2] Thus, having so pled, and coupled with the fact that Tee Way does not challenge any other elements of Plaintiff's prima facie case, dismissal of Plaintiff's claims for breach of contract and account stated is not appropriate.[3]

---

[2] At most, Tee Way has raised a genuine issue of material fact as to whether Tee Way Logistics or Tee Way Transportation were parties to the Contracts.

[3] The sole case that Tee Way cites in support of its argument that Plaintiff's breach of contract claim should be dismissed, *Jacobsen Diamond Ctr., LLC v. ADT Sec. Servs., Inc.*, No. A-1578-14T1, 2016 WL 3766236 (N.J. Super. Ct. App. Div. July 15, 2016), is readily distinguishable from the present case. Importantly, that unreported decision was rendered at the summary judgment stage, after the parties had "engaged in extensive discovery." *Id.* at 2. Moreover, the plaintiff in that case did not even assert a claim for breach of contract; but rather, asserted claims for violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.*, common-law fraud, willful and wanton misconduct, gross negligence, breach of express and implied warranty, and negligent infliction of emotional distress. *Id.* at *2. Accordingly, *Jacobsen* is inapposite.

Second, the Court finds that Plaintiff has sufficiently pled a cause of action for unjust enrichment. To state a claim for unjust enrichment under New Jersey law, a plaintiff must demonstrate that "it expected remuneration from defendant at the time it performed or conferred a benefit on defendant and that the retention of that benefit without payment would be unjust." *Woodlands Cmty. Ass'n, Inc. v. Mitchell*, 450 N.J. Super. 310, 317 (App. Div. 2017). Here, Tee Way argues that Plaintiff has failed to meet its burden of stating a prima facie case for unjust enrichment, because "neither of the Tee Way Defendants derive any enrichment – unjust or otherwise – from the services Plaintiff allegedly performed." Mot. to Dismiss 5. However, Plaintiff alleges that MillerCoors paid Defendants for the transportation services performed by Plaintiff, but that Defendants failed to compensate Plaintiff for those services. *See* Compl. ¶¶ 33-38. Those allegations, taken as true for the purposes of the instant Motion, are sufficient for the Court to find that Plaintiff expected remuneration from Tee Way for performing the transportation services, and that Tee Way's receipt of payment from MillerCoors, without compensating Plaintiff, would be unjust. Accordingly, Tee Way's Motion to Dismiss Plaintiff's unjust enrichment claim is denied.

IV.    CONCLUSION

For the foregoing reasons, Tee Way's Motion to Dismiss is DENIED.

Dated: September 5, 2017                                    /s/ Freda L. Wolfson
                                                           Hon. Freda L. Wolfson
                                                           United States District Judge