UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
PROGRESSIVE FREIGHT, INC.,          :
                                    :
                    Plaintiff,      :   Civil Action No. 16-9366 (FLW) (DEA)
                                    :
            v.                      :
                                    :   **ORDER and JUDGMENT**
FRAMAUR ASSOCIATES, LLC; TEE        :
WAY LOGISTICS, LLC; and TEE WAY     :
TRANSPORTATION, LLC,                :
                                    :
                    Defendants.     :
_____ :

**THIS MATTER** having been opened to the Court by Kevin M. Capuzzi, Esq., counsel for Plaintiff Progressive Freight, Inc. ("Plaintiff" or "Progressive"), on a motion for default judgment against Tee Way Logistics, LLC ("Tee Way Logistics") and Tee Way Transportation, LLC ("Tee Way Transportation") (collectively, "Tee Way"), as well as on a motion to strike the answer of, and enter default and default judgment against, Framaur Associates, LLC ("Framaur") (collectively with Tee Way, "Defendants"); it appearing that that Defendants, having been duly served, have failed to oppose or otherwise respond to Plaintiff's motions; the Court, having reviewed Plaintiff's submissions in connection with its motions, makes the following findings:

1. This is a contract dispute arising out of several agreements to provide transportation brokerage services for the delivery of goods. Progressive is a Georgia corporation that operates as a transportation services broker. Compl. ¶¶ 1, 6. Framaur and Tee Way Logistics are New Jersey limited liability companies that are also in the transportation brokerage industry. *See id.* at ¶¶ 2-3, 6. Tee Way Transportation is a New Jersey based limited liability company that operates a trucking business. *See id.* at ¶¶ 4, 6. The Complaint alleges that Framaur operates and conducts business through Tee Way Logistics and Tee Way Transportation. *Id.* at ¶ 9. In that regard, Plaintiff alleges that Framaur, Tee Way Logistics, and Tee Way Transportation each operate from the same principal place of business in New Jersey, and are controlled by members of the D'Agostino family. *See id.* at ¶¶ 2-4.

1

2. According to the Complaint, non-party MillerCoors LLC contracted with Defendants to provide transportation brokerage services for the delivery of MillerCoors' beer and other alcoholic beverages (the "Goods"). Compl. ¶¶ 6, 10. The Complaint alleges that between April 2016 and October 2016, Defendants entered into several written contracts (collectively, the "Contracts") with Plaintiff, under which Plaintiff agreed to broker the actual transportation of the Goods. *See id.* at ¶¶ 11, 17. Specifically, the Complaint alleges that the Contracts were memorialized through bills of lading and invoices issued by each of the Defendants, and stated that Defendants would, collectively or separately, compensate Plaintiff for transportation services rendered, including freight and brokerage charges. *Id.* at ¶¶ 17-18. Importantly, as alleged, Plaintiff contracted with each of the Defendants in this regard.[1]

3. The Complaint alleges that Plaintiff retained various inline carriers to deliver the Goods to their final destinations, and fully compensated those carriers upon delivery. *Id.* at ¶¶ 11-13. Additionally, the Complaint alleges that MillerCoors fully compensated Defendants for delivery of the Goods. *Id.* at ¶ 16. However, according to the Complaint, despite the fact that Plaintiff performed all of its obligations under the Contracts, Defendants failed to pay Plaintiff $261,195.00 allegedly due and owing under the terms of the agreements. *Id.* at ¶¶ 23-27.

4. On December 19, 2016, Plaintiff filed its Complaint, asserting three causes of action against Defendants. Count One asserts a claim for breach of contract, alleging that Defendants breached the Contracts by failing to compensate Plaintiff for freight and brokerage charges upon completion of Plaintiff's obligations under the Contracts. *See id.* at ¶¶ 21-27. Count Two asserts a related claim for account stated under New Jersey law. *See id.* at ¶¶ 28-32. Finally, Count Three asserts a claim for unjust enrichment. *See id.* at ¶¶ 33-40.

5. On February 3, 2017, Framaur filed its answer. ECF No. 8. On the same date, Tee Way moved to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. ECF No. 12. On September 5, 2017, this Court issued an Opinion and Order denying Tee Way's motion to dismiss. ECF Nos. 26-27.

6. On September 14, 2017, Tee Way applied for an extension of time to file their answer or otherwise respond to the Complaint. ECF No. 28. On September 15, 2017, the Clerk

---

[1] The Court notes that Tee Way previously moved to dismiss Plaintiff's claims for breach of contract and account stated, on the ground that neither Tee Way entity was a party to the Contracts. Significantly, however, on September 5, 2017, this Court issued an Opinion and Order denying Tee Way's motion to dismiss, finding that Plaintiff had pled facts sufficient to state a claim for breach of contract and account stated. *Progressive Freight, Inc. v. Framaur Assocs., LLC*, No. 16-9366, 2017 WL 3872327, at *3 (D.N.J. Sept. 5, 2017). Specifically, this Court found that, "taking as true the Complaint's allegations that 'Plaintiff and Defendants entered into several written contracts,' and that the Contracts were memorialized through the issuance of invoices and bills of lading using the names of the Tee Way entities, Plaintiff has sufficiently pled the existence of an agreement with Tee Way." *Id.* (quoting Compl. ¶ 17-19).

of the Court entered an Order directing Tee Way to file an answer to the Complaint on or before October 3, 2017. ECF No. 29. As a result of Tee Way's failure to file an answer before that date, Plaintiff moved for the entry of default against Tee Way on October 4, 2017. ECF No. 31. Default was entered against Tee Way on October 5, 2017. ECF No. 32.

7. On October 6, 2017, Plaintiff filed the instant motion for default judgment against Tee Way, which Tee Way has not opposed. ECF No. 33.

8. On October 10, 2017, James K. Webber, Esq. and Webber McGill, LLC moved to withdraw as counsel for all Defendants, on the basis that Defendants had incurred substantial debts, and had ignored counsel's numerous correspondences. ECF No. 34. On October 26, 2017, the Magistrate Judge granted the motion to withdraw as counsel for all Defendants,[2] and further ordered Framaur to retain replacement counsel within twenty-one (21) days thereof. ECF No. 36. In his Order, the Magistrate Judge warned Framaur that failure to timely obtain replacement counsel could lead to Framaur being held in default. *Id.*

9. Framaur did not timely retain substitute counsel.[3] As a result, on November 22, 2017, Plaintiff moved to strike Framaur's answer and enter default and default judgment against Framaur. ECF No. 37. That motion is unopposed.

10. Having set forth the facts underlying this dispute, the Court turns, first, to Plaintiff's motion to strike Framaur's answer and enter default against Framaur for Framaur's failure to comply with the Magistrate Judge's Order to retain new counsel. The Federal Rules of Civil Procedure authorize district courts to impose sanctions against a party that fails to comply with a court order. *See* FED. R. CIV. P. 16(f) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."); FED. R. CIV. P. 37(b)(2) (setting forth sanctions for failure to comply with a court order). In that regard, where a party fails to comply with a pretrial order, Rule 37(b)(2)(A) provides specifically that a court may, *inter alia*, "strik[e] pleadings in whole or in part" and "render[] a default judgment against the disobedient party." FED. R. CIV. P. 37(b)(2)(A). Additionally, courts have "inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abusive litigation practices." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1179 n. 4 (3d Cir. 1993) (citation omitted). The Third Circuit has recognized that sanctionable conduct includes the failure of a party to comply with an order to obtain substitute counsel. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 918 (3d Cir. 1992) (recognizing that a district court may "impose[] a default judgment . . . for failure to comply with its own unambiguous orders to obtain substitute counsel.").

---

[2] At that juncture, default had already been entered against Tee Way, and Tee Way has never moved to vacate the entry of default.

[3] Indeed, neither Framaur nor Tee Way have ever retained new counsel.

3

11. To determine whether sanctions that "deprive a party of the right to proceed with or defend against a claim," are appropriate, *id.* at 919, courts apply the six factor test set forth in *Poulis v. State Farm Fire & Cas. Co.*, 474 F.2d 863 (3d Cir. 1984). To that end, in deciding whether to strike Framaur's answer and to enter default against Framaur in this case, the Court must consider: "(1) the extent of the party's personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense." *Id.* at 868 (emphasis in original).

12. Upon consideration of the *Poulis* factors, the Court finds that striking Framaur's answer and entering default is appropriate in this case.

13. First, as to Framaur's personal responsibility, it is well-settled that corporations cannot represent themselves *pro se* in federal court. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *In re Olick*, 571 F. App'x 103, 106 (3d Cir. 2014) ("[C]orporations and other artificial entities may appear in federal court only through counsel.") (citation omitted). Here, Framaur, having been served with a copy of the Magistrate Judge's Order, Cert. of Service, ECF No. 39, bears full responsibility for its failure to retain new counsel. *See PNY Techs., Inc. v. Salhi*, No. 12-4916, 2017 WL 2709559, at *2 (D.N.J. June 22, 2017) ("SVS alone is responsible for its own failure to comply with this Court's September 26, 2016 Order to retain new counsel."); *see also Hoxworth*, 980 F.2d at 920 ("This is not a situation where we must allocate responsibility between the parties and their counsel. Defendants had personal responsibility for the conduct of the litigation after their attorney withdrew on October 18, 1991."). Indeed, the Third Circuit has recognized that default judgment is an appropriate sanction for a party's failure to comply with a court's "own unambiguous orders to obtain substitute counsel." *Hoxworth*, 980 F.2d at 918.

14. Second, Framaur's failure to obtain replacement counsel has significantly prejudiced Plaintiff, by depriving Plaintiff of the ability to pursue its claims and obtain relief in a timely fashion, and by causing Plaintiff to incur additional costs. *Salhi,* 2017 WL 2709559 at *2; *see Harrington v. All Am. Plazas, Inc.*, No. 08-3848, 2010 WL 2710573, at *3 (D.N.J. July 7, 2010), *report and recommendation adopted*, No. 08-3848, 2010 WL 2975764 (D.N.J. July 22, 2010) ("The prejudice here is obvious. Plaintiff cannot pursue his claims against [the defendant] regarding its alleged multimillion dollar contractual obligations to Plaintiff. He is therefore without remedy unless the Court grants the motion to strike and enter default . . . .").

15. Third, Framaur's history of dilatoriness is evident from its failure to obtain replacement counsel, to participate in this action, or to otherwise communicate with this Court, despite the fact that more than three months have passed since the filing of the

Magistrate Judge's Order. *See Harrington*, 2010 WL 2710573 at *3 (finding that the third *Poulis* factor weighed in favor of dismissal, where the defendant failed to obtain replacement counsel within a reasonable time of the court's order); *Temptime Corp. v. Timestrip PLC*, No. 08-4277, 2009 WL 1560205, at *2 (D.N.J. June 2, 2009) ("Not only has the representative or its counsel failed to appear but no one responded to the Order to Show Cause on the defendant's behalf. This repetitive conduct present a history of noncompliance.").

16. With respect to the fourth *Poulis* factor, the Third Circuit has held that a court may find willfulness or bad faith where a party fails to offer any reasonable excuse for its failure to comply with a court order. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 224 (3d Cir. 2003) (finding that bad faith existed where there was no reasonable excuse for the plaintiff's failure to respond to a court order). Here, because Framaur has not offered any excuse for its failure to comply with the Magistrate Judge's Order to retain new counsel, the Court finds that Framaur's conduct was in bad faith. *See Salhi,* 2017 WL 2709559 at *2 (finding bad faith where the defendant failed to offer "any excuse regarding its failure to obtain counsel.").

17. Finally, in light of Framaur's failure to respond to the Magistrate Judge's Order to obtain replacement counsel, despite notice that the failure to do so could result in default, the Court finds that no sanction short of striking Framaur's answer and entering default would be appropriate. *See Harrington*, 2010 WL 2710573 at *4 (finding that, where the defendant failed to obtain replacement counsel, despite notice of its obligation to do so, "alternative sanctions would be ineffective and striking [the defendant's] Answer and permitting the entry of default is the proper sanction."); *Temptime*, 2009 WL 1560205 at *2 ("Finally, the defendant's nonresponsiveness despite notice of these proceedings and the consequences of failing to appear or respond to the Order to Show cause demonstrates that no sanction other than striking its Answer and allowing the plaintiff to seek default or default judgment will cure the prejudice.").[4]

18. In sum, the record shows that Framaur has failed to obtain replacement counsel or otherwise communicate with the Court, despite notice of the Magistrate Judge's Order requiring it to do so. That failure has prejudiced Plaintiff's ability to effectively pursue this action, and the *Poulis* factors weigh in favor of striking Framaur's answer and entering default. Accordingly, Plaintiff's motion to strike Framaur's answer and to enter default against Framaur is granted.

19. Plaintiff also requests that the Court enter default judgment against all Defendants in the amount of $261,195.00, with post-judgment interest accruing thereon in accordance with 28 U.S.C. § 1961. In order to obtain a default judgment, pursuant to Federal Rule of Civil Procedure 55(b), a plaintiff must first secure an entry of default under Rule 55(a). *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015). Once default has been

---

[4] The Court need not address the sixth *Poulis* factor here, because, even if Framaur has meritorious defenses available, the final factor, standing alone, cannot tip the scale against entering default. *See Ware*, 322 F.3d at 222.

entered, the non-defaulting party may move for default judgment pursuant to Rule 55(b)(2). Rule 55(b)(1) authorizes the clerk to enter a default judgment where the "plaintiff's claim is for a sum certain or a sum that can be made certain by computation . . . ." FED. R. CIV. P. 55(b)(1). In all other cases, the moving party must apply to the court for a default judgment. FED. R. CIV. P. 55(b)(2).

20. In considering a motion for a default judgment, courts "accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017). Rather, the moving party "must prove that he is entitled to the damages sought." *Id.* Where the plaintiff's claim is not for a sum certain or for a sum which can by computation be made certain, Rule 55(b)(2) permits the court to conduct a hearing to determine the amount of damages. FED. R. CIV. P. 55(b)(2). While the decision to grant default judgment ultimately lies within "within a district court's discretion," the Third Circuit has observed that "three factors control this determination: '(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct.'" *Allaham*, 635 F. App'x at 36 (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)).

21. In the case at bar, Plaintiff alleges that Defendants breached various Contracts with Plaintiff, by failing and refusing to pay Plaintiff freight and brokerage charges in the amount of $261,195.00, as evidenced by invoices attached to Plaintiff's Complaint. Taking those allegations as true, the Court finds that there are sufficient facts to find that Defendants breached the terms of the Contracts, and that the $261,195.00 requested by Plaintiff is a sum certain, supported by the record. The Court also finds that default judgment is an appropriate sanction in this case; Plaintiff has been prejudiced in its efforts to obtain relief as a result of Tee Way's failure to answer or otherwise defend this case and Framaur's failure to obtain replacement counsel, and Defendants' respective conduct in failing to answer and retain new counsel, without explanation, demonstrates their culpability. *See Interpool, Inc. v. Four Horsemen, Inc.*, No. 16-2490, 2017 WL 1284766, at *4 (D.N.J. Mar. 24, 2017). Additionally, outside of Tee Way's argument regarding the absence of an agreement, which this Court already rejected in its prior Opinion, Defendants "put forth no evidence or facts containing any information that could provide the basis for a meritorious defense," *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *3 (D.N.J. Jan. 22, 2015), and indeed, have not opposed this motion for judgment. Moreover, because Plaintiff asserts its claims against all Defendants jointly, seeking the same damages, and because all Defendants are in default, entering default judgment would not risk inconsistent judgments. *C.f. Alpine Fresh, Inc. v. Jala Trucking Corp.*, 181 F. Supp. 3d 250, 258 (D.N.J. 2016) ("Where the motion for default judgment is made as to only one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants . . . .") (citation and internal quotation marks omitted); CHARLES A. WRIGHT ET. AL., 10A FED. PRAC. & PROC. CIV. § 2690 (3d ed. 2015) ("[J]udgment should not be entered against that defendant until the matter has been adjudicated with

regard to all defendants, or all defendants have defaulted."). Thus, the Court finds that default judgment against all Defendants in the amount of $261,195.00 is warranted.

Accordingly, the Court having reviewed Plaintiff's submissions in connection with its motions, pursuant to Fed. R. Civ. P. 78, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 6th day of February, 2018,

**ORDERED** that Plaintiff's motion to strike Framaur's answer and enter default against Framaur is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion to enter default judgment against all Defendants is **GRANTED**; and it is further

**ORDERED** and **ADJUDGED** that Defendants are jointly liable to Plaintiff in the amount of **$261,195.00**, with post-judgment interest from the date hereof, to be calculated at the appropriate rate pursuant to 28 U.S.C. § 1961; and it is further

**ORDERED** that this case shall be marked as **CLOSED**.

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
United States District Judge